IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| Plaintiff, | ) ) ) | | |
| v. | ) ) ) | No. | 3:19-CR-008-RLJ-DCP |
| GENE EDWARD SCHNEFF, | ) ) ) | | |
| Defendant. | ) | | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge, as may be appropriate. Presently before the Court is defense counsel's Motion to Withdraw as Counsel [Doc. 27], filed on December 18, 2019. On January 9, 2020, the parties appeared before the Court for a motion hearing. Assistant United States Attorney Alan Kirk was present representing the Government. Assistant Federal Defender Bobby Hutson, Jr., was present representing the Defendant, who was also present. Attorney Robert Kurtz was also present.

The motion asks the Court to appoint substitute counsel for Defendant Schneff because Assistant Federal Defender Hutson and the Federal Defender Services of Eastern Tennessee ("FDSET") have an actual conflict of interest that ethically prohibits their representation of the Defendant. The Court then conducted a sealed, *ex parte* hearing regarding the conflict of interest in the present case. The Court addressed Defendant Schneff to ensure that he understood that Assistant Federal Defender Hutson had a conflict that requires that he withdraw from his case.

AUSA Kirk stated that the Government takes no position on the motion.

The Sixth Amendment right to counsel encompasses the right to have an attorney who does not have a conflict arising from simultaneous representation of clients with conflicting interests. *See Glasser v. United States*, 315 U.S. 60, 70 (1942), *superseded by statute* as held in *Bourjaily v. U.S.*, 483 U.S. 171 (1987) (regarding the admission of co-conspirator's statements). In light of the existence of an apparent actual conflict in this case, the Court finds that good cause exists to grant defense counsel's Motion to Withdraw [**Doc. 27**], the same is **GRANTED**, and Assistant Federal Defender Hutson and the FDSET are relieved as counsel of record for Defendant Schneff. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).

The Court recognizes the need for the Defendant to be represented continuously by conflict-free counsel. CJA Panel Attorney Robert Kurtz appeared and agreed to accept representation of the Defendant. The Court therefore and hereby **SUBSTITUTES** and **APPOINTS** Attorney Kurtz as the Defendant's counsel of record under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. Assistant Federal Defender Hutson is **DIRECTED** to provide the Defendant's file to new counsel as expeditiously as possible.

Accordingly, it is **ORDERED:**

(1) Defense counsel's Motion to Withdraw [**Doc. 27**] is **GRANTED**;

(2) Assistant Federal Defender Hutson and the FDSET are permitted to withdraw as counsel of record for the Defendant and are **DIRECTED** to transfer the Defendant's file and any discovery to new counsel as soon as possible; and

(3) Attorney Robert Kurtz is **SUBSTITUTED** and **APPOINTED** as the Defendant's counsel of record under the CJA.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge