UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA      )
                                    )
v.                               )      No.  3:19-CR-008
                                      )
GENE EDWARD SCHNEFF      )

## **MEMORANDUM AND ORDER**

The defendant has pled guilty to possessing methamphetamine with the intent to distribute, in violation of sections 841(a)(1) and (b)(1)(A) of Title 21, United States Code. [Doc. 17]. He faces a statutory range of 10 years to life imprisonment. [*Id.*].

The defendant moves for release from custody pending sentencing [doc. 37], arguing that his age (69) and various health conditions put him at high risk of contracting COVID-19. The undersigned referred the motion to Magistrate Judge Debra Poplin. The United States subsequently filed a response, stating that it had no objection to the defendant's release provided that a suitable residence and a suitable custodian were in place. [Doc. 39].

Magistrate Judge Poplin conducted a hearing on March 26, 2020. Now before the Court is the magistrate judge's April 1, 2020 Report and Recommendation ("R&R"), recommending that the defendant's motion be denied. [Doc. 41].

The defendant has timely objected to the R&R [doc. 42] and the United States has not responded. The Court has thoroughly reviewed the R&R and the parties' filings.

For the reasons that follow, the defendant's objection will be overruled.

## I.

### *Standard of Review*

A district court is both statutorily and constitutionally required to conduct a *de novo* review of a magistrate judge's report and recommendation. *See United States v. Shami*, 754 F.2d 670, 672 (6ᵗʰ Cir. 1985). However, it is necessary only to review "those portions of the report or specified proposed findings or recommendations to which objection is made." *See id.*; 28 U.S.C. § 636(b). A district court need not provide *de novo* review where objections to a report and recommendation are frivolous, conclusive, or general. *See Mira v. Marshall*, 806 F.2d 636, 637 (6ᵗʰ Cir. 1986).

## II.

### *Analysis*

Because the defendant has been found guilty of an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, *see* 18 U.S.C. § 3142(f)(1)(C), for him to be released the defendant must show:

> (A)(i) A substantial likelihood that a motion for acquittal or new trial will be granted, <u>or</u>
>
> (ii) That the prosecution has recommended that no sentence of imprisonment be imposed, <u>and</u>
>
> (B) That is clear and convincing evidence that the defendant is not likely to flee or pose a danger to any other person or the community.

*See* 18 U.S.C. § 3143(a)(2). Subsection (A) is not satisfied in this case because no

2

motion for acquittal or new trial has even been filed, and the United States has not recommended that the defendant should not receive a prison sentence. However, the seemingly mandatory requirements of § 3143(a)(2)(A) can be overridden, pursuant to 18 U.S.C. § 3145(c), by a showing of exceptional reasons why a defendant's detention would not be appropriate. *See United States v. Christman*, 596 F.3d 870, 870-71 (6th Cir. 2010).

In this case, the magistrate judge found that the defendant <u>had</u> shown by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or the community if released. The magistrate judge further found that the defendant had <u>not</u> demonstrated exceptional reasons justifying his release. In brief,the magistrate judge found that speculative fears of COVID-19 infection are insufficient in this case to make a showing of exceptional reasons.

By his objection, the defendant restates the arguments presented in his motion. The Court agrees with the magistrate judge that the defendant's fears, while understandable, are insufficient. The most recent information provided to the undersigned by the United States Marshals Service indicates that there are no documented cases of COVID-19 at the Knox County Detention Facility, where the defendant is presently housed. The marshal further reports that the defendant's facility is taking appropriate measures to prevent an outbreak. As such, the Court will adopt Magistrate Judge Poplin's findings and conclusions in their entirety. *See, e.g., United States v. Morris*, No. 17-107(01) (DWF/TNL), 2020 WL 1471683, at *4 (D. Minn.

March 26, 2020) (no showing of exceptional reasons justifying 66-year-old defendant's release where there were no reported COVID-19 cases at his facility and the facility was taking appropriate measures to prevent an outbreak).

III.

*Conclusion*

As provided herein, the defendant's objections [doc. 42] to the Report and Recommendation are **OVERRULED**. Magistrate Judge Poplin's R&R [doc. 41] is **ACCEPTED** in its entirety. The defendant's motion for release [doc. 37] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge